UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 18-304 (JRT/KMM) |
| v. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| JEROME ROBERT HENNESSEY, | |
| Defendant. | |

Robert M. Lewis, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Andrew H. Mohring, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Jerome Robert Hennessy is currently serving a 96-month sentence for mail fraud and a concurrent 60-month sentence for income-tax evasion. Hennessey requests that the Court reduce his sentence and grant him compassionate release under the First Step Act. Because Hennessey has served only ten percent of his sentence and has already been diagnosed and recovered from COVID-19, the Court will deny Hennessey's Motion.

## BACKGROUND

Hennessey is a 57-year-old man currently incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). (Bureau of Prisons Inmate Locator,

https://www.bop.gov/inmateloc.)  In February 2019, Hennessey pleaded guilty to mail fraud and income-tax evasion.  (Plea Agreement, Feb. 14, 2019, Docket No. 16.) Hennessey was sentenced to a 96-month term of imprisonment on June 26, 2019 and reported to prison on July 29, 2019.  (Sentencing Judgment at 2, June 26, 2019, Docket No. 60.)  His current projected release date is May 21, 2026.  (Bureau of Prisons Inmate Locator).

Hennessey suffers from type-1 diabetes.  (Presentence Report at 16, June. 18, 2019, Docket No. 55.)  In addition to his diabetes, Hennessey suffers from hypertension, hyperlipidemia, obesity, and glaucoma.  (Def.'s App'x. at 2, 5, 9, 13, May 21, 2020, Docket No. 82-1).

On May 31, 2020, Hennessey tested positive for COVID-19.  (Letter, June 10, 2020, Docket No. 89.)  A follow-up test administered in the beginning of July came back negative, indicating Hennessey has recovered.  (Letter, Docket No. 97, July 20, 2020). Hennessey was asymptomatic throughout his infection.  (Letter, June 10, 2020, Docket No. 89.)

Hennessey filed this Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the ongoing COVID-19 pandemic, coupled with his underlying health conditions, constitute extraordinary and compelling circumstances warranting release.  (Mot. to Reduce Sentence, May 21, 2020, Docket No. 80.)  The United States opposed the Motion.

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). It allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release. *Id.* (codified at 18 U.S.C. § 3582(c)(1)(A)). However, a defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once remedies are exhausted, the Court may reduce the defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

There is no dispute that Hennessey has exhausted his administrative remedies and his Motion is ripe for consideration. The Court, however, does not find that extraordinary or compelling circumstances presently exist to warrant a reduction in Hennessey's sentence. Although Hennessey's underlying health conditions theoretically put him at a higher risk for developing severe complications from COVID-19, Hennessey has already contracted the virus and recovered, without ever developing symptoms. It therefore appears that Hennessey is, in fact, not at a high risk of developing severe complications

from COVID-19. And while it is true that there is no guarantee Hennessey will not be reinfected with the virus, according to what we know about the virus presently, that scenario appears unlikely.[1] Moreover, Hennessey has only served approximately ten-percent of his sentence. It would be unjust to his victims to release him from prison at this time, especially when it appears unlikely that he will develop severe complications from COVID-19 in the future.

Accordingly, the Court will deny Hennessey's Motion to Reduce Sentence.

### ORDER

Based on the foregoing and on all the files, records, and proceedings herein, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582 [Docket No. 80] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 22, 2020　　　　　　　　　　_____ John N. Tunheim _____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court

---

[1] *See, e.g.*, Will Feuer, *Dr. Fauci Says Coronavirus Immunity May be 'Finite,' Duration Remains Uncertain*, CNBC.com (July 6, 2020) https://www.cnbc.com/2020/07/06/dr-fauci-says-coronavirus-immunity-may-be-finite-duration-remains-uncertain.html (discussing post-infection immunity and noting that it is likely finite, but also noting that, at least right now, it is "very unlikely" that the virus would replicate in a recovered individual).