UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME ROBERT HENNESSEY,<br><br>Defendant. | Crim. No. 18-304 (JRT)<br><br>**MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE OF IMPRISONMENT** |

---

Craig R. Baune, Erin M. Secord, Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Robert M. Lewis, **UNITED STATES ATTORNEY'S OFFICE – SAINT PAUL**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for plaintiff.

Amy Slusser Conners and Kristin Trapp, **BEST & FLANAGAN**, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402, for defendant.

Defendant Jerome Robert Hennessey is serving a 96-month sentence for mail fraud and a concurrent 60-month sentence for income tax evasion after pleading guilty to both counts. Hennessey asks the Court to grant him compassionate release on the basis of health concerns related to his type 1 diabetes, hypertension, hyperlipidemia, and glaucoma. Because Hennessey fails to adequately demonstrate that extraordinary and compelling reasons warrant reduction of his sentence and because such a reduction would not be consistent with the 18 U.S.C. § 3553(a) sentencing factors and the applicable policy statements, the Court will deny Hennessey's motion.

**BACKGROUND**

Between 2003 and 2018, Jerome Robert Hennessey was the manager of the Ashby Farmers Co-operative Elevator Company, a role in which he had control over day-to-day activities, bank accounts, and helped obtain loans. (Plea Agreement at 2, Feb. 14, 2019, Docket No. 18.) Using his position and control over the bank accounts, Hennessey wrote unauthorized checks to himself and to third parties for his personal benefit. (*Id.*) He also failed to report the checks as income on his individual income tax returns and instead filed false tax returns. (*Id.* at 3.) In February 2019, Hennessee pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341 and income tax evasion in violation of 26 U.S.C. § 7201. (*Id.* at 1.)

At sentencing, the Court considered all of the statutory sentencing factors, including Hennessey's acceptance of responsibility, the extended duration of the offense, and the serious nature of the offense. (Statement of Reasons at 4, June 26, 2019, Docket No. 61.) The Court sentenced Hennessey to a 96-month term of imprisonment for for mail fraud and a 60-month concurrent term of imprisonment for tax evasion, followed by three years of supervised release with mandatory and special conditions. (*Id.*) The Court also ordered Hennessey to pay over $5 million in restitution to the victims. (*Id.*)

Hennessey is now 60 years old and is currently incarcerated with the Bureau of Prisons ("BOP") at FMC Rochester. *Inmate Locator*, Fed. Bureau of Prisons,

https://www.bop.gov/inmateloc (last visited Nov. 15, 2022). His current projected release date is May 21, 2025. *Id.*

Hennessey was diagnosed with type 1 diabetes forty years ago, which he initially treated with insulin injections but transitioned to an insulin pump in 1998. (Decl. Jerome Robert Hennessey ("Hennessey Decl.") ¶ 3, Sept. 14, 2022, Docket No. 146.) Unlike an insulin injection, which allows the user to inject insulin into their body using a syringe or "pen," an insulin pump gives a basal dose of insulin per hour based on the individual's blood sugar level. *4 Ways to Take Insulin*, Centers for Disease Control and Prevention, https://www.cdc.gov/diabetes/basics/type-1-4-ways-to-take-insulin.html (last visited Nov. 15, 2022). Insulin injections and insulin pumps are both generally accepted ways to take insulin. *Id.*

In April 2021, Hennessey was hospitalized for two days when his insulin pump malfunctioned, causing him to experience hyperglycemia. (Pl.'s Ex. at 283–84, Oct. 6, 2022, Docket No. 155.) The doctor determined the pump malfunctioned because Hennessey was not using an inserter, so he was discharged after he recovered, given a replacement inserter, and educated on how to use it. (*Id.*) Three months later, Hennessey was hospitalized again for hyperglycemia and released the same day after treatment with an insulin drip. (*Id.* at 284.)

In November 2021, Hennessey had additional concerns about the functionality of his insulin pump. (Hennessey Decl. ¶ 8.) After Hennessey was seen by FMC Rochester's

Health Services and an endocrinologist, he requested a replacement insulin pump. (*Id.* ¶¶ 10, 11.) In Januaury 2022, Hennessey had not yet received a new insulin pump, and was taken to the emergency room when he experienced another hyperglycemic episode. (*Id.* ¶¶ 14, 15.) The hospital determined the pump was working but should be replaced due to its age. (Pl.'s Ex. at 251.) Hennessey asserts that between late January 2022 and March 2022, he wrote to Health Services and the Warden multiple times about getting a replacement pump. (Hennessey Decl. ¶¶ 16–19.) Hennessey complains about the time it took BOP to provide him with a new pump. (*Id.*) BOP records indicate that Hennessey was approved for restricted work duties to minimize his risk of having a hyperglycemia indicent during the time he waited for his insulin pump to be replaced. (Pl.'s Ex. at 46.) Ultimately, on May 31, 2022, Hennessey received a replacement insulin pump with instructions of how to use it. (*Id.* at 17; Hennessey Decl. ¶ 20.)

Hennessey first filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in May 2020. (1st Mot. Modify Sentence, May 21, 2020, Docket No. 80.) At the time, he argued that the ongoing COVID-19 pandemic, coupled with his underlying health conditions, constituted extraordinary and compelling circumstances warranting release. (*Id.*) The Court denied his motion because, though Hennessey's underlying health conditions theoretically put him at a higher risk for developing severe complications from COVID-19, he had already contracted the virus and recovered— without ever developing symptoms. (Mem. Op. Order Den. Mot. Compassionate Release

-4-

at 3, July 22, 2022, Docket No. 98.) Further, he had only served ten-percent of his sentence at the time. (*Id.* at 4.)

Hennessey then filed this second motion to reduce his sentence on September 14, 2022. (2nd Mot. Modify Sentence, Sept. 14, 2022, Docket No. 141.) He now argues that compassionate release is justified because he has been unable to receive the proper care for his diabetes while incarcerated. (Mem. Supp. Mot. at 1, Sept. 14, 2022, Docket No. 143.) The United States opposes Hennessey's motion. (Gov't's Resp. Def.'s 2nd Mot. Compassionate Release at 1, Oct. 6, 2022, Docket No. 154.) Hennessey has also requested the Court seal medical records that were filed in support of the motion to reduce his sentence. (Mot. Seal Documents, Sept. 14, 2022, Docket No 148.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law allows defendants, in addition to the Federal Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The United States concedes that Hennessey has exhausted his administrative remedies, so his current motion is ripe for consideration. (Gov't's Resp. Def.'s 2nd Mot. Compassionate Release at 4 n.1.)

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Based on the evidence before the Court, Hennessey's health situation is not an extraordinary or compelling circumstance that warrants a reduction in his sentence.

Hennessey argues his medical conditions constitute an extraordinary and compelling reason for compassionate release. However, the BOP has addressed Hennessey's ultimate concern with his health: an ineffective insulin pump. It is immaterial to the present motion that Hennessey may have experienced a delay in treatment, as he received a new insulin pump over six months ago. His primary medical concern has been resolved. Additionally, while he was experiencing issues with the old insulin pump, the BOP continually addressed Hennessey's health needs by giving him emergency care when necessary. The BOP further adhered to his special circumstances by modifiying Hennesey's work schedule out of a concern for future hyperglycemia.

Hennessey fears that his current insulin pump will malfunction and cause severe health issues in the future. He also alleges that because he cannot utilize the Bluetooth function of the insulin pump, he is not being attended to by BOP. Lack of access to the Bluetooth feature is not an adequate basis for relief. BOP provided Hennessey with the necessary instructions for how to utilize the current pump. And, if the pump does not

address his health needs, Hennessey may utilize insulin injections. Additionally, speculation about future medical issues, such as insulin pump failure, does not qualify as an extraordinary and compelling reason that warrants release. *See, e.g., United States v. James*, 2020 WL 3567835 at *4 (D. Minn. July 1, 2020) (finding the "'mere speculation of the possibility [of a future medical issue]' is insufficient to justify release under § 3582(c)(1)(A)").

Finally Hennessey argues that his medical conditions constitute an extraordinary and compelling reason justifying compassionate relief in light of COVID-19. He is incorrect. The Court previously found that Hennessey's sentence should not be reduced due to COVID-19. (Mem. Op. Order Den. Mot. Compassionate Release at 3.) Since then, Hennessey has received three doses of the COVID-19 vaccine. (Pl.'s Ex. at 29.) Thus, Hennessey is now even less at risk of developing COVID-19 complications. *See Benefits of Getting A COVID-19 Vaccine*, Centers for Disease Control and Prevention (Aug. 17, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The COVID-19 pandemic does not justify Hennessey's early release.

Even if Hennessey presented an extraordinary and compelling reason, the Court would nevertheless deny his motion because his release would be inconsistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court must consider, among other factors, the nature and circumstances of the offense, the history and

characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a). Hennessey engaged in a 15-year elaborate scheme that impacted particularly vulnerable victims. Accordingly, the Court previously found that it would be unjust to Hennessey's victims to release him from prison before the end of his sentence. (Mem. Op. Order Den. Mot. Compassionate Release at 4.) Further, Hennessey has served less than half his sentence, so an early release would create unwarranted sentencing disparities. The § 3553(a) sentencing factors to do not support his early release.

In sum, extraordinary and compelling reasons do not warrant a reduction of Hennessey's sentence. Nor would such a reduction be consistent with the relevant sentencing factors and policy statements. The Court will therefore deny Hennessey's motion.

Hennessey has also asked the Court to seal the exhibit containing his medical records, Docket No. 144. The United States has not opposed the motion, and such seal of medical records in a criminal matter is permitted under Local Rule 49.1(d) and common in compassionate release cases. *E.g., United States v. Bennett*, No. 19-255, 2021 WL 2310391, at *1 n.1 (D. Minn. June 7, 2021). The Court finds good cause to grant Hennessey's motion to seal. The Clerk of Court is directed to seal Docket No. 144 indefinitely.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the

1. Defendant's Motion to Modify Sentence of Imprisonment [Docket No. 141] is **DENIED**.

2. Defendant's Motion to Seal [Docket No. 148] is **GRANTED**.

3. The Clerk of Court is directed to seal Docket No. 144.

DATED:  January 4, 2023  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge